**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **SEVDIJA NOVOVIC, Administrator** : | |
| **of the Estate of Rama Novovic, et al.,** : | |
| : | |
| : | |
| Plaintiffs, : | Case No. 2:09-CV-00753 |
| : | |
| v. : | JUDGE ALGENON L. MARBLEY |
| : | |
| **GREYHOUND LINES, INC., et al.,** : | Magistrate Judge Norah McCann King |
| : | |
| : | |
| Defendants. : | |

**ORDER APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES**

**I. SUMMARY**

On February 2, 2012, during the course of trial, the parties reached a final settlement in this matter, and the trial was adjourned.  Pursuant to the settlement agreement, Defendant Greyhound contributes $625,000, and Defendant McElfresh contributes $25,000, for a total of $650,000.00 to be distributed among the Plaintiffs, beneficiaries, and their attorneys.  Plaintiffs and Administrators of the Estate of decedent Rama Novovic ("the Estate") have filed affidavits with the Court in support of their proposed apportionment and distribution of the settlement funds, (Dkt. 167), and now request the Court's approval of that proposal and further request permission to distribute the funds accordingly.

For the reasons stated herein, the Court determines the proposed apportionment of the settlement to be fair and reasonable in all material respects, and the settlement is hereby **APPROVED**.  If they have not already done so, Defendants or their insurance carriers are **ORDERED** to pay all sums payable under the approved settlement to an attorney for the

Administrators of the Estate, presumably Mr. Glenn Zuckerman, or a personal representative, within 21 days of this Order.

Pursuant to Section 5-4.6(a) of the New York Estates, Powers and Trusts Law, the Administrators of the Estate are directed to deposit the settlement funds into an interest bearing escrow account for the benefit of the distributees. Upon submission to the court of a proof of filing of a petition for allocation and distribution in the Surrogate's Court of Queens County, New York on behalf of the Estate, the Administrators shall withdraw and pay out from the account disbursements in the amount of **$78,263.54**, and legal fees in the amount of **$190,578.82**, payable immediately to Plaintiffs' counsel as provided in the proposed distribution scheme. The net remainder of **$381,157.64** shall remain in the escrow account until such time as the Surrogate's Court authorizes the manner in which the proceeds of the within settlement should be distributed, in accordance with applicable law.

The attorney for the administrator or personal representative in the action who receives payment under this Order shall continue to serve as attorney for the estate until the entry of a final decree in the surrogate's court.

## II.  LAW AND ANALYSIS

This action for wrongful death was originally filed against original defendants Greyhound and Motor Coach Lines in New York state court in 2008. The case was dismissed for *forum non conveniens* with leave to re-file in Ohio. (Dkt. 167 ¶ 11.) Plaintiffs re-filed in the Eastern District of New York in June 2009, Case No. 09-CV-2788. In the meantime, Plaintiffs also filed a Complaint against the original defendants and additional defendants Brian Fisher and Eddie McElfresh in this Court on August 26, 2009. Upon motion by the defendants, the Eastern District of New York ordered the case to be transferred to the Southern District of Ohio pursuant

2

to 28 U.S.C. § 1404(a).  (09-CV-2788, Dkt. 25.)  The two cases in this Court were consolidated on May 27, 2010.  (10-cv-357, Dkt. 30.).

The Court applies Ohio substantive law to this diversity action,  *See Hirsch v. CSX Transp., Inc.*, No. 09-4548, 2011 FED App. 0258N, at *7 (6th Cir. September 8, 2011), as the transferred case from the Eastern District of New York was consolidated into the case which was originally filed in this Court.  Although the accident took place in Ohio, on the issue of distributing the settlement, New York law will apply since New York has a greater interest in the rights and liabilities concerning the final distribution of assets of the Estate of its former citizen, Rama Novovic, by its administrators appointed by the Surrogate of Queens County, New York.  *See Stringer v. NFL*, 749 F. Supp. 2d 680, 687 (S. D. Ohio 2009) ("Section 175 of the Restatement governs actions for wrongful death, and states that 'the local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship . . . to the occurrence and the parties, in which event the local law of the other state will be applied.'").

Section 5-4.6(a) of the New York Estates, Powers and Trusts Law provides that courts must "approve a compromise for a wrongful death action 'after inquiry into the merits of the action and the amount of damages proposed . . . as it shall determine to be adequate including approval of attorneys fees and other payable expenses. . . .'"  *Hylton v. N.Y. Methodist Hosp.*, Case No. 08-cv-3956, 2010 U.S. Dist. LEXIS 41076, at *2 (E.D.N. Y. March 10, 2010).  The court "must determine whether the proposed settlement is fair and reasonable, including the amount to be paid and the parties' arrangement for payment of costs and attorneys' fees."  *Id*. (citing *Pollicina v. Misericordia Hosp. Med. Ctr.*, 82 N.Y.2d 332, 338 (1993)).

3

The total settlement amount to be paid of $650,000 is reasonable for this wrongful death compromise. Plaintiffs' counsel have submitted a line item accounting of all their expenses incurred, which include disbursements for expert witness services, court filing fees, travel costs, service of process fees and other reasonable litigation costs, amounting to total costs of $78,263.54. (Dkt. 167-1.) The proposed legal fee of 1/3 of the total settlement amount to be distributed among Plaintiffs' lawyers is reasonable and typical for a result obtained after trial on the merits had commenced. *See Hylton*, 2010 U.S. Dist. LEXIS 41076, at *5. Further, all three co-administrators of the Estate, Sevdija Novovic, Smajlje Novovic, and Glenn Zuckerman, have submitted affidavits consenting to the amounts and distribution as requested by Plaintiffs' counsel.

After disbursements and fees are paid, a remaining sum of $381,157.64 is left to be distributed among the beneficiaries of the Estate. Plaintiffs' counsel requests this Court to distribute it among the beneficiaries according to calculated loss of expected contribution from the decedent for each beneficiary using the formula derived for proportional pecuniary loss in *In re Kaiser's Estate*, 100 N.Y. 2d 218, 220 (Sup. Ct. Kings County 1950). The language of Section 5-4.6(a)(2) of the New York Estates, Powers and Trusts Law requires, however, that this step is to be completed by the Surrogate's Court. The role of the Surrogate's Court will be to allocate the net proceeds between the recovery for wrongful death and for conscious pain and suffering, ensure that creditors are paid from the conscious pain and suffering portion of the recovery, and direct distribution of the net estate. *See Kaiser*, 100 N.Y.S.2d at 219.

### III. CONCLUSION

The proposed apportionment of the settlement is fair and reasonable in all material respects, and the settlement is hereby **APPROVED**. If they have not already done so,

Defendants or their insurance carriers are **ORDERED** to pay all sums payable under the approved settlement to an attorney for the Administrators of the Estate, presumably Mr. Glenn Zuckerman, or a personal representative, within 21 days of this Order.  Defendant Greyhound's contribution is **$625,000**.  Defendant McElfresh's contribution is **$25,000**.

The Administrators of the Estate are directed to deposit the settlement funds into an interest bearing escrow account for the benefit of the distributees.  Upon submission to the court of a proof of filing of a petition for allocation and distribution in the Surrogate's Court of Queens County, New York on behalf of the Estate, the Administrators shall withdraw and pay out from the account disbursements in the amount of **$78,263.54**, and legal fees in the amount of **$190,578.82**, payable immediately to Plaintiffs' counsel as provided in the proposed distribution scheme contained in the Attorney's Declaration of Mr. Goldhirsch, (Dkt. 167, ¶¶ 27-28).

It is further **ORDERED** that the net balance of the aforesaid settlement, to wit, the sum of **$381,157.64** shall remain in the escrow account until such time as the Surrogate's Court authorizes the manner in which the proceeds of the within settlement should be distributed, in accordance with applicable law.

The filing fee in the surrogate's court shall be computed based on the amount of the gross estate prior to any payments made pursuant to the settlement.

The written approval by this Court of the compromise is conclusive evidence of the adequacy of the compromise in any proceeding in the surrogate's court for the final settlement of the account of such administrator or personal representative.

No letters of administration shall be issued which will in any way serve to abrogate the rights or obligations of an administrator or personal representative or an attorney representing an administrator or personal representative under this section.

The attorney for the administrator or personal representative in the action who receives payment under this Order shall continue to serve as attorney for the estate until the entry of a final decree in the surrogate's court.

Upon Plaintiffs' submission of a proof of filing of a petition for allocation and distribution in the Surrogate's Court of Queens County, New York the case will be **CLOSED**.

**IT IS SO ORDERED.**

<u>s/Algenon L. Marbley</u><br>
**Algenon L. Marbley**

**DATED: March 12, 2012**